UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARCUS BOATNER                                                                            CIVIL ACTION

VERSUS                                                                                    16-597-SDD-EWD

MXD GROUP INC., FORMERLY EXEL
DIRECT, INC.

## RULING

This matter is before the Court on the *Motion to Transfer Venue or, in the Alternative Stay the Case Pending Arbitration*[1] filed by Defendant, MXD Group, Inc. ("MXD"). Plaintiff, Marcus Boatner ("Plaintiff" or "Boatner") has filed an *Opposition*[2] to this motion, to which MXD filed a *Reply.*[3] For the following reasons, the Court finds that the motion should be granted, and this action should be transferred to the United States District Court for the Southern District of Ohio, Eastern Division in Columbus, Ohio. ("the Southern District of Ohio").

### I.    FACTUAL BACKGROUND[4]

Plaintiff filed this action against MXD alleging several violations of the Fair Labor Standards Act ("FLSA") and Louisiana Law arising out of an independent contractor Agreement between the Parties. Initially, the Parties entered into the Independent Truckman's Agreement ("ITA") and the Equipment Lease Agreement ("ELA") on March

---

[1] Rec. Doc. 15.
[2] Rec. Doc. 18.
[3] Rec. Doc. 22.
[4] The facts are derived from the *Complaint* (Rec. Doc. 1), and the Parties' memoranda.
40928

18, 2015.[5] Boatner signed the ITA and ELA on March 20, 2015, while MXD signed later on April 14, 2015.[6] Subsequently, the Parties entered into the Forwarder-Carrier Agreement ("Carrier Agreement") on July 18, 2015. Boatner signed the Carrier Agreement on July 22, 2015, and MXD signed later on September 3, 2015. Boatner was terminated by MXD on September 9, 2015. The Carrier Agreement provided a merger clause which cancelled any prior oral or written agreements between the Parties. As such, the Carrier Agreement is controlling between the Parties.[7] It is undisputed that the Carrier Agreement contains a forum selection clause which forms the basis of Defendant's *Motion*. The Carrier Agreement provides, in pertinent part:

> MXD and [Boatner] mutually consent and submit to the jurisdiction of the federal and/or state courts located in the State of Ohio and any action or suit concerning this Agreement or related matters shall only be brought by MXD or [Boatner] in federal or state court with appropriate subject matter jurisdiction over disputes arising in the City of New Albany, County of Franklin, of the State of Ohio. [Boatner] and MXD mutually acknowledge and agree that they will not raise, in connection therewith, and hereby waive any defenses based upon venue, inconvenience of forum or lack of personal jurisdiction in any action or suit brought in accordance with the foregoing. [Boatner] and MXD acknowledge that they have read and understand this clause and agree willingly to its terms.[8]

Notwithstanding the forum selection clause, Plaintiff filed this action in the United States District Court for the Middle District of Louisiana ("Middle District") on the grounds that a substantial part of the events or omissions giving rise to the claim occurred in Baton Rouge, Louisiana. MXD now moves to dismiss or transfer this case to the Southern District of Ohio, Eastern Division in Columbus, Ohio based on the forum-selection clause

---

[5] Rec. Doc. 15-3 and 15-4.
[6] *Id.*
[7] While the Plaintiff makes no mention of the Carrier Agreement in the complaint, Mr. Boatner concedes in his Opposition that the Carrier Agreement is controlling. Rec. Doc. 18 at p. 6.
[8] Rec. Doc. 15-5 at p.15.
40928

of the Carrier Agreement.

Plaintiff opposes this motion and maintains that venue is proper in the Middle District pursuant to 28 U.S.C. § 1391(b)(2), which provides that a civil action may be brought in:

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated…

Plaintiff contends that the contract between the Parties was entered into in Baton Rouge, Louisiana. Furthermore, Plaintiff argues that the forum selection clause is invalid because the Carrier Agreement is an unconscionable contract of adhesion in which he had no bargaining power. As such, Boatner argues that the case presented herein is one of those unique cases in which private interest factors should be given weight despite the U.S. Supreme Court ruling in *Atlantic Marine Constr. Co. v. U.S. Dist. Court for Western Dist. of Tex.*[9] For reasons more fully explained herein, this Court finds that the decision in *Atlantic Marine* is controlling in this matter, and therefore, Defendant's *Motion to Transfer* this case to the Southern District of Ohio, Eastern Division in Columbus, Ohio is GRANTED.

**II.    LAW & ANALYSIS - Proper Venue**

A district court has the authority to transfer a case, in the interest of justice, to another district in which the action might have been brought, regardless of whether venue exists in the original forum.[10] If venue is proper in the original forum, the transfer may be made pursuant to §1404(a), which provides that, "[f]or the convenience of parties and

---

[9] 134 S. Ct. 568 (2013).
[10] *See* 28 U.S.C. §§ 1404(a) and § 1406(a).
40928

witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…" If venue is improper in the original forum, the transfer must be made under §1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

In the recent U.S. Supreme Court case of *Atlantic Marine,* the Court addressed "the procedure that is available for a defendant in a civil case who seeks to enforce a forum-selection clause."[11] Preliminarily, the Court discussed the appropriateness of enforcing a forum-selection clause by dismissing a suit under 28 U.S.C. 1406(a) and Fed. R. Civ. P. 12(b)(3). The Court concluded that dismissal of the suit is only appropriate when venue is "wrong" or "improper."[12] "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws..."[13]

Here, neither party disputes whether the current venue satisfies the requirements of federal venue laws, namely 28 U.S.C. 1391(b). Therefore, insofar as Defendant's *Motion* seeks for the case to be dismissed, its *Motion* is DENIED.

When a defendant is seeking to enforce a forum-selection clause and the suit was originally brought by a plaintiff in a forum that satisfies federal venue laws, the appropriate mechanism to transfer the case is found in § 1404(a).[14] "[A] proper application of

---

[11] 134 S. Ct. at 575.
[12] *Id.* at 577.
[13] *Id.*
[14] *Atl. Marine,* 134 S. Ct. at 579.
40928

§ 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'"[15] "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations."[16] "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'"[17] The Court delineated three ways in which a court is to adjust their normal § 1404(a) analysis when a valid forum-selection clause is present between the parties: (1) "the plaintiff's choice of forum merits no weight;" (2) "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests;" and (3) "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations."[18] The Supreme Court in *Atlantic Marine* concluded its reasoning by stating:

> [w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain.[19]

---

[15] *Id.* at 579 (quoting *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 33 (1988)).
[16] *Atl. Marine*, 134 S. Ct. at 581.
[17] *Id.*
[18] *Id.* at 582.
[19] *Id.* at 583.

Applying the analysis and reasoning of the *Atlantic Marine* case to the facts before the Court, the Court rejects Plaintiff's argument that, because Boatner allegedly had no bargaining power in entering into the Carrier Agreement, this Court is entitled to weigh private-interest factors in evaluating a § 1404(a) transfer. Plaintiff relies heavily on the Supreme Court case of *Stewart Org., Inc. v. Ricoh Corp.*[20] in making his argument. However, the Supreme Court analyzed its decisions in both *Stewart*[21] and *Van Dusen v. Barrack*[22] in deciding *Atlantic Marine* and the proper application of a § 1404(a) transfer as discussed in detail above. Thus, this Court finds *Atlantic Marine* controlling over the issues presented in this case.

Under the guidance of *Atlantic Marine,* this Court gives no weight to Plaintiff's choice of the current forum. Second, the Plaintiff's arguments as to private-interest factors which would weigh in favor of keeping the case in the current venue are not taken into consideration. Finally, Plaintiff did not argue any public-interest factors in favor of keeping the case in the current venue. In light of the foregoing, this Court finds that the valid forum-selection clause in the Carrier Agreement is controlling, and the case should be transferred to the Southern District of Ohio, Eastern Division in Columbus, Ohio.

In light of the Court's decision that transfer is proper, there is no need to consider Defendant's alternative request for relief. Therefore, insofar as Defendant's *Motion* seeks to stay the case pending arbitration, its *Motion* is DENIED, without prejudice.

---

[20] 487 U.S. 22 (1988).
[21] *Id*.
[22] 376 U.S. 612 (1964).
40928

### III. CONCLUSION

For all the reasons set forth above, the Court finds that the Southern District of Ohio, Eastern Division in Columbus, Ohio is the appropriate forum for this case. Accordingly, the Court finds that it is in the interest of justice that this civil action be transferred to the Southern District of Ohio, Eastern Division in Columbus, Ohio for further consideration. The Defendant's *Motion to Transfer Venue*[23] is GRANTED, and this case shall be transferred to the Southern District of Ohio, Eastern Division in Columbus, Ohio.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 11, 2017.

*/s/ Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[23] Rec. Doc. 15.

40928